IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROMULUS ALBU, individually and as a representative of the class, | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:15-CV-00412-ELR |
| THE HOME DEPOT, INC., | * * * | |
| Defendant. | * * | |
| | | |
| COREY BJERKE, individually and as a representative of the class, | * * * | |
| Plaintiff, | * * * | |
| v. | * * | 1:15-CV-03733-ELR |
| THE HOME DEPOT, INC., | * * * | |
| Defendant. | * * * | |

**O R D E R**

These consolidated Fair Credit Reporting Act ("FCRA") cases are before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") and the objections thereto. The Court's rulings and conclusions are set forth below.

**I. Background**

At issue in these FCRA cases is whether Plaintiffs can show a sufficiently concrete Article III injury. For brevity, the Court fully incorporates the unobjected to procedural history and facts from the R&R (Doc. No. 63), but it summarizes a few key points.[1] Plaintiffs Romulus Albu and Corey Bjerke both applied for positions with "Home Depot Service Providers," third-party companies that Defendant Home Depot contracts with for home-installation services. When Plaintiffs applied for their positions, they filled out a "Disclosure & Authorization" form for Defendant (the "disclosure form") (Doc. No. 50-3). The disclosure form authorized Defendant to obtain a background report on each Plaintiff. The disclosure form contained a two-sentence paragraph waiving liability for claims arising from the information obtained. Plaintiffs contend that this liability waiver violated the FCRA's stand-alone disclosure requirement, which provides,

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> > (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely* of the disclosure, that a consumer report may be obtained for employment purposes; and

---

[1] There are two cases before the Court: Albu v. Home Depot (1:15-cv-00412) and Bjerke v. Home Depot (1:15-cv-03733), but Judge King issued identical R&Rs in each case. The briefing in each case is also identical, and the Court references the docket in Albu.

> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

Plaintiffs allege that Defendant violated the FCRA's stand-alone requirement by including a liability waiver because the statute requires that Defendant's disclosure form consists "solely of the disclosure." Because of this alleged violation, Plaintiffs bring these class actions on behalf of a nationwide class of individuals who received the same disclosure form from Defendant.

Defendant moved to dismiss the complaints for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiffs lack Article III standing. On November 2, 2016, Magistrate Judge King issued identical R&Rs recommending that this Court dismiss Albu's case and remand Bjerke's case for lack of Article III standing.[2]

## III. Discussion[3]

Magistrate Judge King's R&R recommends dismissing Albu's case and remanding Bjerke's case for lack of a concrete Article III injury in light of Spokeo, Inc. v. Robins. 136 S. Ct. 1540 (2016). In Spokeo, the Supreme Court reaffirmed

---

[2] Judge King noted that since Bjerke was initially filed in state court, the proper procedure is to remand that case. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[3] As an initial matter, the Court grants non-party National Consumer Law Center's ("NCLC") Motion for Leave to File Amicus Brief (Doc. No. 67). See Ga. Aquarium v. Pritzker, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). NCLC raises the same or substantially similar arguments in its brief (Doc. No. 67-1) as Plaintiffs.

that plaintiffs must show a concrete and particularized injury to satisfy Article III requirements for federal subject-matter jurisdiction. See 136 S. Ct. at 1549 ("We have made it clear time and again that an injury in fact must be both concrete and particularized.") (internal citations omitted). Moreover, Spokeo held that in the context of the FCRA, there may be "bare procedural violations" of the statute insufficient for concrete injury. Id. at 1550. Judge King found that Plaintiffs alleged such a bare procedural violation for three reasons: (1) the FCRA does not confer a substantive right to a stand-alone disclosure; (2) Plaintiffs did not suffer concrete informational harm; and (3) Plaintiffs suffered no concrete harm to their privacy. R&R at 21, 34, 39. Plaintiffs have objected to each of these findings. Pls.' Objs. to R&R at 14, 19, 21.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Portions of the R&R, to which no objection has been made, are reviewed for clear error. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006). However, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). A party objecting to an R&R "must specifically identify those findings

objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

> It is improper for an objecting party to attempt to relitigate the entire content by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation.

Lamar v. State of Ala. Dep't of Conservation, No. 1:14-cv-571-JDW-PWG, 2017 WL 517824, at *2 n.6 (M.D. Ala. Feb. 8, 2017) (quoting Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) (internal alterations and quotation marks omitted). Furthermore, "the district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).

After a de novo review, the Court finds Plaintiffs' objections without merit. First, Plaintiffs rely primarily on the same arguments they made to the Magistrate Judge, who exhaustively addressed these arguments and both the persuasive and binding authority on the matter. As such, these objections merely rehash prior arguments. Moreover, after a de novo review, the Court agrees with the Magistrate Judge's analysis. Second, to the extent that the parties have filed supplemental

5

authority, none of those cases are binding on this Court and many rule exactly as the Magistrate Judge recommends. See <u>Bultemeyer v. CenturyLink, Inc.</u>, No. CV-14-02530-PHX, 2017 WL 634516, at *3–4 (D. Ariz. Feb. 15, 2017); <u>In re Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.</u>, No. 14-7563 (KM), 2017 WL 354023, at *5–11 (D.N.J. Jan. 24, 2017); <u>Landrum v. Blackbird Enterprises, LLC</u>, No. H-16-0374, 2016 WL 6075446, at *3–4 (S.D. Tex. Oct. 3, 2016). Third, to the extent Plaintiffs claim a new injury—the risk they *could* have been mislead by the liability waiver—those arguments were not raised to the Magistrate Judge and are not considered now. See <u>Williams</u>, 557 F.3d at 1292. In sum, the undersigned agrees with Judge King's well-reasoned R&R and the cases above in finding no concrete injury. As to the portions of the R&R to which Plaintiffs have not raised any objection, the Court has reviewed them for clear error and finds none. Thus, the Court overrrules Plaintiffs' Objections.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objections (Doc. No. 68, 15-cv-00412; Doc. No. 73, 15-cv-03733) and **ADOPTS** the R&R (Doc. No. 63, 15-cv-00412; Doc. No. 69, 15-cv-03733) as the opinion of this Court. The Court also **GRANTS** NCLC's Motion for Leave to File Amicus Brief (Doc. No. 67). For the reasons stated in the R&R, the Court **GRANTS** Defendant's Motion to Dismiss Albu's Complaint (Doc. No. 51, 15-cv-00412), **DENIES**

Defendant's Motion to Dismiss Bjerke's Complaint (Doc. No. 51, 15-cv-03733), but **REMANDS** that case to Oregon state court. The Court **DIRECTS** the Clerk to close both cases.

**SO ORDERED**, this 20th day of March, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia